ALBERT NANTZ *v.* ELIZABETH WYATT, widow, and others heirs of Jesse Wyatt—FREDERICK LOWE, warrantor.

A compromise by a tutrix will not be binding on the minor, unless subsequently ratified by the latter.

APPEAL from the District Court for Ouachita, *Boyce,* J.

*Garrett* and *Downs,* for the plaintiff.

*McGuire,* for the defendants and warrantor, appellants.

MARTIN, J. The plaintiff claims a slave named David as his property, which is in the possession of the defendants. The latter deny the right of the plaintiff to said slave, and set up title to him under Jesse Wyatt, deceased, the late husband of the widow Wyatt, and father of her children and heirs, who purchased this slave for a

valuable consideration from Frederick Lowe, who is cited in warranty.

Lowe pleaded the general issue, and averred that he married the plaintiff's mother, Elizabeth Nantz, who was then in possession as the owner of the slave in contest; that she was much in debt, and that the slave was sold to relieve her, the sale being effected by him, and the money arising therefrom appropriated to the payment of her debts. The defendants and warrantor have appealed from a judgment decreeing the restoration of the slave, and against the latter in warranty.

The record shows, that the slave was transferred to the plaintiff when a minor, by one John Steen, in consequence of a compromise between his mother and tutrix and the said Steen, by which she transferred to the latter all the right of the plaintiff, her son, in the estate of his grandmother.' That afterwards Frederick Lowe having married the plaintiff's mother and tutrix, sold the slave to Jesse Wyatt, the late husband and father of the defendants. It is clear that the plaintiff was not bound by the compromise made by his mother, on his behalf, with Steen; but it is equally clear, that he had the right of ratifying this compromise and claiming the slave as his property. The institution of this suit is evidence of the ratification. Lowe, the husband of plaintiff's mother, had no right to sell the slave so as to effect the plaintiff's title, or transfer that of his wife, even *if she* had any. Wyatt, therefore, acquired nothing by his purchase from Lowe. His widow and children are consequently without a shadow of title to the slave in contest. Lowe having sold a slave, which did not belong to him, judgment was properly given against him as warrantor.

*Judgment affirmed.*